Matthew A. Barlow (#9596)
WORKMAN NYDEGGER
60 E. South Temple, Suite 1000
Salt Lake City, Utah 84111
Tel. 801-533-9800

*Attorneys for Plaintiff*
*HAPPY SUMO SUSHI, INC.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| HAPPY SUMO SUSHI, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SUMO LLC, a Utah limited liability company,<br><br>    Defendant. | Civil Action No. 2:25-cv-112<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff HAPPY SUMO SUSHI, INC. (hereinafter, "Happy Sumo" or "Plaintiff"), by and through its undersigned counsel, hereby complains and alleges against Defendant SUMO LLC (hereinafter, "Defendant"), as follows:

**THE PARTIES**

1.   Plaintiff is a Utah corporation with a principal place of business at 4801 N. University Ave, Provo, Utah, 84604.

2.   Upon information and belief, Defendant is a Utah limited liability company with a registered address at 1797 W. 850 S., Orem, Utah, 84058. Defendant transacts business in Utah, including in this Judicial District.

## NATURE OF THE CLAIMS

3. This is an action for trademark infringement, unfair competition, and false designation of origin, arising under Section 43 of the Trademark Act of 1946 ("Lanham Act"), as amended, 15 U.S.C. § 1051 *et seq.*; and unfair competition under Utah law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338 in that this case arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

5. This Court has subject matter jurisdiction over the unfair competition claims herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

6. This Court has supplemental jurisdiction over the claims that arise under Utah law pursuant to 28 U.S.C. § 1367(a) because they are substantially related to the claims that arise under the Lanham Act of the United States. Furthermore, this Court has supplemental jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

7. This Court also has personal jurisdiction over Defendant because it resides within this Judicial District and has committed acts of trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq*, in this Judicial District, targeted to Plaintiff in this Judicial District. In addition, the acts by Defendant are targeted to cause commercial injury to Happy Sumo in this Judicial District.

8. Upon information and belief, Defendant has used the mark SUMO or colorable imitations thereof on or in connection with restaurant services, and more specifically, sushi

restaurant services, and has introduced the same into interstate commerce within the United States, including within this judicial district.

9. Upon information and belief, Defendant's use of its trademark SUMO has a direct and substantial impact on Plaintiff in the State of Utah.

10. Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within this judicial district and/or Defendant has committed acts of infringement within this judicial district, and Defendant is subject to personal jurisdiction.

## BACKGROUND

11. Since at least as early as 1999, Plaintiff has used the trademark "HAPPY SUMO" in connection with restaurant services. Specifically, since its date of first use, Plaintiff has continuously operated one or more restaurants serving sushi under the HAPPY SUMO mark.

12. Since at least 2004, Plaintiff has continuously operated a restaurant under the HAPPY SUMO mark at The Shops at Riverwoods in Provo, Utah.

13. Since launching its first restaurant in early 1999 under the HAPPY SUMO mark, Plaintiff has consistently marketed, promoted, and built-up brand recognition and goodwill in its HAPPY SUMO mark through the continued development and provision of high-quality restaurant services and menu items.

14. As a result of long-time and substantial sales and advertising and promotion, the HAPPY SUMO mark has become widely and favorably known as identifying Plaintiff's restaurant services and has become an intellectual property asset of considerable value to Plaintiff.

15. The HAPPY SUMO mark is suggestive and inherently distinctive when used in connection with Plaintiff's goods and services.

### Defendant's Infringing Conduct

16. Defendant owns and operates a sushi restaurant in Provo, Utah under the trademark "SUMO."

17. Upon information and belief, Defendant opened its restaurant under the "SUMO" mark on February 22, 2024.

18. Defendant's SUMO restaurant is located in the same city, Provo, as Plaintiff's HAPPY SUMO restaurant. The respective restaurants are located less than four (4) miles from each other.

19. The use of the SUMO mark by Defendant in connection with a sushi restaurant is likely to cause confusion with Plaintiff's HAPPY SUMO mark when used as a trademark in connection with the sale, offering for sale, distribution, advertising, and promotion of Defendant's goods and services, including the operation of a sushi restaurant.

20. Defendant's use of the SUMO mark is without Plaintiff's license, permission or authority and is likely to cause confusion, mistake, and deception among consumers and customers.

21. Upon information and belief, Defendant uses the SUMO mark with actual knowledge of Plaintiff's rights in and to the HAPPY SUMO mark. Notwithstanding such knowledge, Defendant has acted and continues to act with wanton disregard for Plaintiff's rights, and with the willful intent and purpose of improperly taking or benefiting from the favorable reputation and valuable goodwill Plaintiff has established in the HAPPY SUMO mark.

22. Defendant's SUMO mark is a colorable imitation of and confusingly similar to Plaintiff's HAPPY SUMO mark.

23. Defendant's use of the SUMO mark in connection with Defendant's goods and services is likely to cause, to the extent it has not already caused, actual confusion, actual injury, and loss of goodwill and business to Plaintiff.

24. Upon information and belief, Plaintiff has been damaged as a result of Defendant's actions as alleged herein.

## CAUSES OF ACTION

### COUNT I: Trademark Infringement

25. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

26. Defendant's acts constitute infringement of Plaintiff's exclusive rights in Plaintiff's HAPPY SUMO mark in violation of the Lanham Act, specifically 15 U.S.C. § 1125, and of Plaintiff's trademark rights under Utah state and common law.

27. Defendant has used in commerce a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's HAPPY SUMO mark, namely the SUMO mark, in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods and services on or in connection with which such use is likely to cause confusion, to cause mistake, or to deceive.

28. Defendant's acts of infringement have caused Plaintiff damages, and Plaintiff seeks judgment pursuant to 15 U.S.C. § 1117 for 1) Defendant's profits made by Defendant's unauthorized and infringing use of the SUMO mark, 2) for the damages sustained by Plaintiff, 3) for all costs necessary to remediate the infringing uses and their effects, and 4) for the costs,

expenses, and reasonable attorney fees (as this is an exceptional case) incurred in bringing the present action and prior attempts to remedy Defendant's actions.

29. Plaintiff seeks an award of punitive and/or treble damages for at least three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, due to the nature of Defendant's wanton and willful conduct.

30. Pursuant to 15 U.S.C. § 1116 and equity, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant to stop the illegal infringing conduct.

31. Pursuant to 15 U.S.C. § 1118 and equity, Plaintiff is entitled to impoundment and destruction of infringing articles.

32. Plaintiff is further entitled to all available remedies provided by common law, including, but not limited to temporary and permanent injunctive relief, Defendant's profits, any damages sustained by Plaintiff, and costs.

### COUNT II: Unfair Competition/Passing Off in Violation of the Lanham Act U.S.C. § 1125(A)

33. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

34. Defendant has used names and marks that are confusingly similar to Plaintiff's HAPPY SUMO mark with the intent to deceive the public into believing that goods and services offered or sold by Defendant are made by, approved by, sponsored by, or affiliated with Plaintiff.

35. Defendant's acts as alleged herein were committed with the intent to pass off Defendant's goods and services as the goods and services of, approved by, sponsored by, or affiliated with Plaintiff, and with the intent to deceive and defraud the public.

36. Defendant's acts constitute unfair competition and passing off, and have caused Plaintiff damage, including, without limitation, lost profits, harm to reputation, and costs to remediate the confusion and harm to Plaintiff's goodwill and reputation caused by Defendant.

37. Defendant's acts constitute violations of 15 U.S.C. § 1125. Defendant's acts of unfair competition have caused Plaintiff damages, and Plaintiff seeks judgment pursuant to 15 U.S.C. § 1117 for 1) Defendant's profits made by Defendant's unfair competition and passing off of Plaintiff's goods and services, 2) for the damages sustained by Plaintiff, 3) for all costs necessary to remediate the unfair competition and passing off and their effects, and 4) for the costs, expenses, and reasonable attorney fees (as this is an exceptional case) incurred in bringing the present action and prior attempts to remedy Defendant's actions.

38. Plaintiff further seeks judgment for three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, due to the nature of Defendant's conduct.

39. Pursuant to 15 U.S.C. § 1116 and equity, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant to stop the illegal infringing conduct.

40. Pursuant to 15 U.S.C. § 1118 and equity, Plaintiff is entitled to impoundment and destruction of infringing articles.

**COUNT III: Unfair Competition in Violation of Utah Common Law**

41. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42. As alleged herein, Plaintiff owns Plaintiff's HAPPY SUMO mark, which is valid and legally protectable.

43. Defendant's infringing use of Defendant's SUMO mark is likely to cause confusion concerning the origin of the goods and services associated with the marks.

44. As alleged herein, Defendant's conduct is likely to cause, if it has not already, customer confusion in violation of Utah common law.

45. Defendant's foregoing acts constitute unfair competition and infringement of Plaintiff's registered and common law rights for which Plaintiff has no adequate remedy at law.

46. Defendant's acts of unfair competition have caused Plaintiff damages, and Plaintiff seeks judgment for 1) Defendant's profits made by Defendant's unfair competition and/or passing off of Plaintiff's goods and services, 2) for the damages sustained by Plaintiff, 3) for all costs necessary to remediate the unfair competition and passing off and their effects, and 4) for the costs incurred in bringing the present action and prior attempts to remedy Defendant's actions.

47. Plaintiff further seeks judgment for damages of at least three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, due to the nature of Defendant's conduct.

48. Further, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant to stop the illegal conduct.

## ENTITLEMENT TO INJUNCTIVE RELIEF

49. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

50. By reason of Defendant's acts alleged herein, Plaintiff has and will suffer immeasurable, and thus irreparable, damage to its business, reputation, and goodwill.

51. Upon information and belief, Defendant intends to continue to do the acts complained of herein unless restrained and enjoined.

52. Plaintiff's remedy at law is inadequate.

53. Plaintiff is entitled to a preliminary and permanent injunction prohibiting Defendant and its affiliates, agents, servants, and employees, and anyone acting with its authority or on its behalf, from directly or indirectly using any mark, word, name, or domain name similar to Plaintiff's HAPPY SUMO mark, which is likely to cause confusion or mistake or to deceive.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

A. The Court enter a judgment in favor of Plaintiff and against Defendant as to all causes of action alleged herein;

B. That this Court issue preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116, Utah law, and equity, enjoining and restraining Defendant and its affiliates, agents, partners, servants, and employees, or anyone acting with its authority or on its behalf, from directly or indirectly using any mark, word, designation, name, or domain name similar to Plaintiff's HAPPY SUMO Mark that is likely to cause confusion or mistake or to deceive;

C. That, within five (5) days of issuance of preliminary and/or permanent injunctions, the Court order Defendant to file a sworn statement under oath and subject to penalty of perjury that it has fully complied with the terms of the injunctions;

D. That this Court, pursuant to 15 U.S.C. § 1118 and equity, order that all labels, signs, prints, packages, wrappers, receptacles, pictures, websites, advertisements, and articles, both in print and other media, in the possession or under the control of Defendant bearing any mark, word, designation, name, or domain name that is

confusingly similar to Plaintiff's HAPPY SUMO mark and all plates, molds, matrices, and other means of making the same, shall be delivered to Plaintiff and destroyed;

E. That Defendant be required to account to Plaintiff for any and all benefits or profits derived by Defendant from the use of any name or mark incorporating any mark, word, designation, name, or domain name that is confusingly similar to Plaintiff's HAPPY SUMO mark, including the sale of any and all products or services associated with any such name or mark, and for all damages sustained by Plaintiff by reason of said acts of unfair competition, false designation of origin, and/or other illegal acts complained of herein to the full extent permitted by 15 U.S.C. §§ 1117 and 1125; and Utah common law;

F. That this Court award Plaintiff treble damages in an amount no less than three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, due to the wanton, egregious, willful, deliberate, intentional, and/or malicious nature of its actions;

G. That the costs of this action be awarded to Plaintiff;

H. That Plaintiff be awarded its reasonable attorney fees due to the exceptional nature of this case and Defendant's intentional, wanton and willful illegal conduct;

I. That Defendant be liable for any award of monetary damages, statutory damages, treble damages, punitive damages, costs, and/or attorney fees;

J. That pre-judgment and post-judgment interest be awarded to Plaintiff; and

K.       That this Court grant such other and further relief as it shall deem just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 14th day of February, 2025.

                        Respectfully submitted,

                        /s/ Matthew A. Barlow
                        Matthew A. Barlow
                        WORKMAN NYDEGGER
                        60 East South Temple, Suite 1000
                        Salt Lake City, Utah 84111
                        Telephone: (801) 533-9800
                        Facsimile: (801) 328-1707

                        Attorney for Plaintiff
                        HAPPY SUMO SUSHI, INC.