IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **HAPPY SUMO SUSHI, INC., a Utah corporation,**<br><br>            **Plaintiff,**<br>**v.**<br><br>**SUMO LLC, a Utah limited liability company,**<br><br>            **Defendant.** | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**Case No. 2:25CV112-DAK-JCB**<br><br>**Judge Dale A. Kimball**<br><br>**Magistrate Judge Jared C. Bennett** |

This matter is before the court on Defendant Sumo LLC's ("Defendant") Rule 12(b) Motion to Dismiss and on Plaintiff Happy Sumo Sushi's ("Plaintiff") Motion to Strike the Motion. A hearing on the motions had been scheduled for September 11, 2025, but the hearing is vacated because the court has determined that oral argument will not assist in deciding the two motions.

Having thoroughly considered Plaintiff's Complaint, Defendant's Motion, and Plaintiff's Motion to Strike Defendant's Motion to Dismiss Complaint or Alternatively Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint, the court denies both motions.[1]

In moving to strike Defendant's Motion, Plaintiff has accurately argued that Defendant failed to timely respond to the Complaint, which was served on Defendant on February 27,

---

[1] Defendant did not file a response to Plaintiff's Motion to Strike, and it did not file a Reply Memorandum in response to Plaintiff's arguments regarding the Motion to Dismiss.

2025. Defendant had twenty-one days to respond via an answer or motion, which would have been a deadline of March 21, 2025.[2] Defendant, however, did not respond until April 11, 2025,[3] and it did not seek an extension or establish good cause for its untimely filing.  Notwithstanding this untimely filing, the court declines to strike the Motion to Dismiss for two reasons.

First, it appears that Defendant's owner initially mailed a hand-written form motion to dismiss to Defendant's counsel on March 19, 2025.[4] The hand-written motion had no effect because it was not filed with the court and also because a business entity such as Defendant cannot appear through a non-attorney corporate officer in federal court.[5] But it is clear that Defendant did not have counsel representing it at that time, and it does now. Second, Plaintiff did not seek a Default Certificate after Defendant failed to timely respond. Now that Defendant has obtained counsel, and counsel has filed a Motion to Dismiss, the court will proceed on the merits of the Motion to Dismiss.

In its Motion to Dismiss, Defendant argues that Plaintiff has failed to provide sufficient facts to plausibly allege Lanham Act claims for trademark infringement and unfair competition. The court disagrees. Plaintiff has sufficiently alleged its claims, and dismissal of the claims at this juncture would be premature and improper.

---

[2] Plaintiff incorrectly states that the response deadline was March 11, 2025. *See* ECF No. 12 at 2-3. But the Proof of Service demonstrates that service of process was effectuated on February 27, 2025. ECF No. 6. Twenty-one days after February 27, 2025, is March 21, 2025. This error, however, is not material.

[3] ECF No. 9.

[4] ECF No. 12 at 2; *see also* ECF No. 12-1.

[5] *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir 2006).

Accordingly, Defendant's Motion to Dismiss [ECF No. 9] is DENIED, as is Plaintiff's Motion to Strike [ECF No. 12]. The hearing set for September 11, 2025, at 2:00 p.m. is hereby VACATED.

DATED this 2nd day of September 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge